UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>        Plaintiff,<br><br>    v.<br><br>MUSIC CITY HOTEL LP, et al.,<br><br>        Defendants. | Case No. 21-cv-04159-PJH<br><br>**ORDER**<br><br>Re: Dkt. No. 14 |

    Defendants' motion to dismiss came on for hearing before this court on December 2, 2021.  Plaintiff appeared through his counsel, Cara Townsend.  Defendants appeared through their counsel, Phillip Stillman.

    This is a disability access case in which plaintiff alleges defendant violated the Americans with Disabilities Act ("ADA") by failing to provide sufficient information on its hotel website to comport with the "Reservations Rule."  28 C.F.R. § 36.302(e)(1)(ii).  Defendant submits a screenshot of the accessibility page of its website alongside its motion to demonstrate compliance with the Reservations Rule.  See Req. for Judicial Notice, Ex. 1 (Dkt. 14-2 at 9).  Plaintiff opposes defendant's motion to dismiss in significant part by alleging that the version of the website offered by defendants is different than the version of the webpage that existed when the lawsuit was filed.  Dkt. 15 at 8 ("In a move of questionable ethicality, the defense submits a reservation webpage screen shot of the current version of the webpage without informing the Court that it was changed after the lawsuit was filed.").  Defendant argues for the first time in its reply brief that plaintiff's claims are moot given the disclosures currently available on the hotel

website.  At the hearing, defendant "clarified" its position that, even if the website had been recently updated, relief available to plaintiff under the ADA is moot because of the website's now-present accessibility disclosures.

Introduction of a legal argument for the first time in a reply brief is disfavored and improper because it deprives the opposing party of the opportunity to address the arguments in their opposition to the respective motion.  Vasquez v. Rackauckas, 734 F.3d 1025, 1054 (9th Cir. 2013) ("Because we do not consider issues raised for the first time in reply briefs, we deem this late-raised argument forfeited."); see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 n.12 (9th Cir. 1990).  However, the court here finds the issue of mootness relevant for consideration because it implicates the court's ongoing subject matter jurisdiction.

Therefore, plaintiff may submit a brief addressing only defendant's late-raised argument regarding mootness.  See Dkt. 16 at 9-11.  Such brief may not exceed five (5) pages and is due on or before December 9, 2021.  Because defendant already made argument on this point, it is not permitted to file an additional response.

**IT IS SO ORDERED.**

Dated: December 2, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge