UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br>        Plaintiff,<br><br>    v.<br><br>MUSIC CITY HOTEL LP, et al.,<br>        Defendants. | Case No. 21-cv-04159-PJH<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 14 |

Defendants' motion to dismiss came on for hearing before this court on December 2, 2021. Plaintiff appeared through his counsel, Cara P. Townsend. Defendants appeared through their counsel, Philip H. Stillman. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.   BACKGROUND**

This is an Americans with Disabilities Act ("ADA") case premised on a hotel's alleged violation of the "Reservations Rule," 28 C.F.R. section 36.302(e). Plaintiff Chris Langer identifies as an individual with physical disabilities, and he uses a wheelchair for mobility. FAC ¶ 1. Plaintiff also suffers from Delayed Endolymphatic Hydrops (DEH), which has caused permanent partial hearing loss. FAC ¶ 1. Defendants Music City Hotel, LP, and Pacific Equities West, LLC, together own and operate the Music City Hotel located at 1353 Bush St, San Francisco, California. FAC ¶ 2.

Plaintiff requires an accessible guestroom when staying at a hotel. FAC ¶ 14. Plaintiff also requires assistance to hear—he uses hearing-assistive devices and turns on

closed captioning when consuming audio content.  FAC ¶ 2, 14.  Plaintiff considered making a reservation to stay at the Music City Hotel ("Hotel") for a trip to the San Francisco area planned in September 2020.  FAC ¶¶ 12, 13.  When visiting the Hotel's website located at https://musiccityhotel.org/ on February 6, 2020, plaintiff found the accessibility information insufficient to "assess independently" if a particular hotel room would meet his needs.  FAC ¶¶ 16, 18.

Plaintiff contends that the website did not comply with the Reservations Rule because it provided "insufficient information about the accessible features in the 'accessible rooms' at the Hotel to permit him to assess independently whether a given hotel room would work for him."  FAC ¶ 18.  Plaintiff complains that the Hotel's reservation website "fails to describe or provide details about the accessibility features in the guestrooms or any details such as accessible bathtub, shower, toilet, grab bars, lavatory sink, and accommodations for the hearing impaired."  FAC ¶ 19.

Procedural History

Plaintiff filed the original complaint in this lawsuit on June 1, 2021.  Dkt. 1.  Defendants responded with a motion to dismiss on September 1, 2021.  Dkt. 10.  Rather than opposing defendants' motion, plaintiff filed a First Amended Complaint ("FAC", the now-operative complaint), on September 24, 2021, after the deadline for the opposition brief.  Dkt. 11&12.  The court granted defendants' motion to dismiss and permitted the FAC to stand because leave to amend would have been granted if the motion had been fully argued.  Dkt. 13.

The FAC alleges one cause of action for violation of the Americans with Disabilities Act of 1990 ("ADA") (FAC ¶¶ 36-39), and one cause of action for violation of California's Unruh Civil Rights Act (FAC ¶¶ 40-43).  As to the ADA claim, plaintiff requests injunctive relief—the only form of relief the ADA affords private plaintiffs.  FAC, Prayer ¶¶ 1-4; see also Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); 42 U.S.C. § 12188(a).  Plaintiff also seeks an unspecified amount of statutory damages under the California's Unruh Civil Rights Act.  FAC, Prayer ¶ 2; Cal. Civ. Code § 52.

1	Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 18, 2021.  Dkt. 14.  Defendants ask the court to grant their request for judicial notice and to dismiss the FAC with prejudice.

**II.	LEGAL STANDARDS**

**A.	Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  Id. at 679.  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose

1  authenticity no party questions, but which are not physically attached to the plaintiff's
2  pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted).  The
3  court may also consider matters that are properly the subject of judicial notice. Lee v.
4  City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B.     Mootness**

The court has an ongoing obligation to ensure that it has subject matter jurisdiction such that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997).  Thus, courts must raise issues concerning subject matter jurisdiction, which include mootness, sua sponte. Bernhardt v. Cty. of Los Angeles, 279 F.3d 862, 871 (9th Cir. 2002).  Courts may look beyond the pleadings for purposes of analyzing subject matter jurisdiction. See Fed. R. Civ. P. 12(d); see also Foote v. Wells Fargo Bank, N.A., No. 15-cv-04465-EMC, 2016 WL 2851627, at *4 (May 16, 2016).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000).  "In other words, the central issue in mootness is whether circumstances that existed at the time of filing the complaint have changed and forestalled the possibility of meaningful relief." Greene v. Wells Fargo Bank, N.A., No. 18-CV-06689-JSC, 2019 WL 3220267, at *2 (N.D. Cal. July 17, 2019).  A case is thus moot if a defendant voluntarily ceases the challenged conduct in a way that makes it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Adarand Constructors, Inc. v Slater, 528 U.S. 216, 221 (2000).  The question is not whether there is any possible relief, but whether there can be any effective relief. West v. Sec. of Dept. of Transp., 206 F.3d 920, 925 (9th Cir. 2000).

**III.    DISCUSSION**

Defendants move to dismiss plaintiff's amended complaint on the premise that

4

plaintiff fails to allege a plausible violation of the ADA given the website's disclosures, which defendants argue are compliant with the Reservations Rule's requirements for older hotels.  Plaintiff argues that the version of the website offered by defendants, including the compliant disclosures, has been changed since his initiation of the lawsuit. His complaint was based on a version of the website that did not include such disclosures, suggesting that defendants voluntarily ceased their non-conforming conduct. In their reply brief, defendants raised for the first time that plaintiff's ADA claim is now moot regardless of when the website included the language describing the hotel's lack of accessibility.  Dkt. 16. at 9-11.  The court invited plaintiff to submit a supplemental brief responding to this late-raised argument and addressing the issue of mootness.  Dkt. 20. Plaintiff did so.  Dkt. 21.[1]

The arguments thus leave four issues for discussion: (1) whether the documents offered by defendants may be judicially noticed and for what purpose, (2) whether defendants' website, as it currently reads, provides sufficient accessibility descriptions to comport with the Reservations Rule, (3) whether the ADA claim should be dismissed as moot, and (4) whether, after concluding the ADA claim is moot, the court should retain jurisdiction over the state Unruh Act claim.

### A.   Request for Judicial Notice

Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).

Defendants request that the court take judicial notice of the following materials in support of their motion (Dkt. 14-2):

1. A copy of the Landing page, Accessibility Page, Room Descriptions page, and

---

[1] Though defendants' motion is brought under Rule 12(b)(6), the court may address the issue of jurisdiction sua sponte and both parties were permitted to argue the issue of mootness.

1    Contact Information page of defendants' website, referred to in the complaint,
2    https://musiccityhotel.org/.  RJN Ex. 1 (Dkt. 14-2 at 4-9).
3    2. A copy of the parcel record for the Music City Hotel located at 1353 Bush St,
4    San Francisco, California.  This record is a print-out from the San Francisco
5    Planning Department webpage at (https://sfplanninggis.org/pim/?pub=true).
6    RJN Ex. 2 (Dkt. 14-2 at 10-11).
7    3. A copy of the Consent Order entered in U.S. v. Hilton Worldwide Inc., No. 10-
8    1924, ECF No. 5 (D.D.C. Nov. 29, 2010).  RJN Ex. 3 (Dkt. 14-2 at 12-56).

Generally, a court may consider factual information from the internet as long as the facts are not subject to reasonable dispute.  See, e.g., Perkins v. LinkedIn Corp., 53 F.Supp.3d 1190, 1204 (N.D. Cal. 2014).  Further, the court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested.  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Ritchie, 342 F.3d at 908.  The purpose of this rule is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (internal marks omitted).

Here, the contents of defendants' website are the essence of the suit—plaintiff questions whether the website contains insufficient information regarding accessibility features, so the complaint necessarily relies on the website.  Plaintiff contests the authenticity of this copy of defendants' website, however.  Plaintiff's brief opposing the motion to dismiss avers that the version of the website offered by defendants is different than the version of the webpage that existed when the lawsuit was filed.  Dkt. 15 at 8 ("In

1    a move of questionable ethicality, the defense submits a reservation webpage screen

2    shot of the current version of the webpage without informing the Court that it was

3    changed after the lawsuit was filed."). Plaintiff includes its own screenshots of (1) the

4    version plaintiff initially encountered, giving rise to this action, and (2) the changed

5    version defendants submit attached to their request for judicial notice, which adds the

6    following disclaimer:

> Due to the historic nature of the hotel and building (built in 1907), our building is unfortunately not accessible to those requiring wheelchair access. The hotel lodging rooms are located on levels 3 and 4 of the building and require walking up 2 flights of stairs to reach any of the guest rooms. The building does not have any elevator.
> The Hotel may be accessible to those who use a cane or walker, provided that they have the ability to climb 2 flights of stairs. Most of our rooms have shared bathrooms, and one of the shared bathrooms does have grab bars installed around the toilet and bath.

13   Dkt. 15 at 9. Though the parties contest the authenticity of the document offered as

14   exhibit 1 to defendants' request for judicial notice, the website provided by defendants is

15   readily verifiable using the same URL identified in plaintiff's complaint. Plaintiff does not

16   dispute that the website information matches what can currently be found on defendants'

17   site, and the unverified screenshot pasted in plaintiff's opposition brief does not create a

18   reasonable dispute to preclude judicial notice. Therefore, the court grants the request for

19   judicial notice of the information on defendants' website for the limited purpose of

20   acknowledging the current contents of the website.

21        The court may also judicially notice court documents already in the public record

22   and filed in other courts. Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); see also

23   Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts

24   "may take judicial notice of court filings and other matters of public record").

25        The second exhibit submitted by defendants in support of their motion to dismiss is

26   a parcel record print-out from the San Francisco Planning Department webpage. That

27   document is relied upon by defendants to demonstrate the date of the Hotel's 1907

28   original construction. Plaintiff does not object or directly address this exhibit, noting

1  elsewhere that defendants do not request that the court take notice of the building's

2  "historical designation."  Dkt. 15 at 5.  Because it is an official government record from a

3  government website, the court may take judicial notice of it.  Cota v. Maxwell-Jolly, 688 F.

4  Supp. 2d 980, 998 (N.D. Cal. 2010) ("The Court may properly take judicial notice of the

5  documents appearing on a governmental website.").

6       The third and final exhibit submitted by defendants in support of their motion to

7  dismiss is the 2010 consent decree in an ADA case from the U.S. District Court for the

8  District of Columbia.  United States v. Hilton Worldwide, Inc., No. 10-1924, ECF No. 5

9  (D.D.C. Nov. 29, 2010).  The court does not consider this exhibit in deciding this motion,

10  and it therefore denies as moot the request for judicial notice of the exhibit.

11       **B.    Reservations Rule Compliance**

12       Title III of the ADA prohibits discrimination against disabled individuals in public

13  accommodations.  42 U.S.C. § 12182(a).  To recover on an ADA discrimination claim,

14  plaintiffs must prove that (1) they are disabled within the meaning of the statute, (2) the

15  defendants are private entities that own, lease, or operate a place of public

16  accommodation, and (3) the plaintiffs were denied public accommodation by the

17  defendants because of their disability.  Arizona ex rel. Goddard v. Harkins Amusement

18  Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010).

19       The ADA applies to websites that "impede[ ] access to the goods and services of .

20  . . places of public accommodation."  Robles v. Domino's Pizza LLC, 913 F.3d 898, 905

21  (9th Cir. 2019), cert. denied, 140 S. Ct. 122 (2019). The so-called "Reservations Rule,"

22  28 C.F.R. section 36.302(e), requires a hotel to:

23  > Identify and describe accessible features in the hotels and
24  > guest rooms offered through its reservations service in enough
      > detail to reasonably permit individuals with disabilities to assess
25  > independently whether a given hotel or guest room meets his
      > or her accessibility needs.

26  28 C.F.R. § 36.302(e)(1)(ii).

27       The Department of Justice ("DOJ") issued commentary to the Reservations Rule

28  clarifying that the "reservations system is not intended to be an accessibility survey."  See

28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" ("Guidance").  The Guidance explains,

> For hotels that were built in compliance with the 1991 Standards it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

Id.  "For older hotels with limited accessibility features," however,

> information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards.

Id.

The Guidance also notes that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information" at which point hotel staff "should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations and other amenities available." 28 C.F.R. Pt. 36, App. A.  The Guidance is entitled to substantial deference.  Arroyo v. AJU Hotel Silicon Valley, LLC, No. 20-cv-08218-JSW, Dkt. 24 at 4 (N.D. Cal. Mar. 16, 2021); see also Kohler v. Presidio Int'l, Inc., 782 F.3d 1064, 1069 (9th Cir. 2015).

Numerous courts have agreed that the Reservations Rule is not intended to require an accessibility survey and that the Reservations Rule does not require a hotel to include all potentially relevant accessibility information on its website.  See Barnes v. Marriott Hotel Servs., Inc., No. 15-cv-01409-HRL, 2017 WL 635474 at *10 (N.D. Cal. Feb. 16, 2017) (finding website with ADA designation and general "accessible room" descriptions appropriate and acceptable under the DOJ's guidance); Strojnik v. 1315 Orange LLC, No. 19-cv-1991-LAB-JLB, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25,

2019) (granting motion to dismiss noting that plaintiff failed to cite any authority "suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); Rutherford v. Evans Hotels, LLC, 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3, 2020) ("[J]ust because [plaintiff] would like additional details does not mean that he is entitled to it under Section 36.302(e)(1)(ii)").

Here, defendants argue that plaintiff's ADA claim fails because the Hotel's website plainly states that the facility does not have an elevator and is not accessible for persons with mobility disabilities. Defendant draws the attention of the court to the multitude of Reservations Rule cases (many brought by the same plaintiff and his counsel) where the main violation of the ADA is insufficient detail on hotel websites. Nearly all of that precedent, however, addresses websites that provide some minimal reference to accessibility features. This website, in contrast, identifies the Hotel's complete lack of accessibility features. Thus, in substantial part, plaintiff is correct in its distinction of the facts of this case from many of the previous 87 Reservation Rule cases cited by defendants.

However, given the age of the Hotel (constructed in 1907), a greater level of specificity regarding the accessible features in guestrooms is not required. See Dkt. 14-2 at 11. Defendants' website meets the bare requirements of the standard "[f]or older hotels with limited accessibility features." 28 C.F.R. Pt. 36, App. A. There is no need for defendants to demonstrate that the Hotel received a special historic designation—the date of the building's construction, demonstrated through government-maintained parcel records, is sufficient to show that the Hotel is an "older" facility in the ADA context. The description offered in the judicially-noticed screenshot of the website provides "information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms" where it states plainly that there are no such accessible paths in the building. Id.; Dkt. 14-2 at 6. Defendants' website additionally complies with the Guidance where it includes an invitation for interested guests to contact the hotel or reservations service to make

further inquiries regarding accessibility specifics.  See RJN Ex. 1 (Dkt. 14-2 at 6) ("If you have any questions regarding the accessibility of our hotel, please contact us immediately with any questions" by telephone or email).  Plaintiff fails to identify authority that requires details beyond the descriptions provided here, and defendants' website accordingly satisfies the requirements of the Reservations Rule.

Plaintiff fails to identify authority that requires additional description even to address accessibility features related to his auditory disability.  Plaintiff cites to an ADA regulation requiring that "alterations to floors above and below the accessible ground floor must be accessible regardless of whether the altered facility has an elevator." 28 C.F.R. § 36.404(b).  His reliance on that part of the regulations is inapplicable and unavailing.  That section of the regulations specifically addresses an exemption for the addition of elevators in alterations to pre-1991-constructed buildings and fails to stand for the larger theme he seeks to create.

Therefore, Langer faces the same result here as he faced in state court: "Given that Plaintiff utilizes a wheelchair for mobility, his contention in his boilerplate complaint that the website does not provide sufficient information for him to determine 'whether any of the guestrooms would work for him' [citation] is demonstrably inaccurate: it does, and they would not." Langer v. Martin A. Neely et al., Case No. CGC-21-593428 (San Francisco Sup. Ct. October 25, 2021).

### C. Mootness of Americans with Disabilities Act Claim

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief.  "Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" Strojnik v. IA Lodging Napa First LLC, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)).  Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." Chapman v. Pier

11

1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011).

A claim may become moot if (1) subsequent events have made it clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998). In the context of a complaint brought under the ADA, "because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver, 654 F.3d at 905; see also Johnson v. Oishi, 362 F. Supp. 3d 843, 848 (E.D. Cal. 2019) ("[D]efendant's voluntary cessation of an ADA violation may effectively moot a plaintiff's ADA claim").

"It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (citations omitted). "In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc., 528 U.S. at 189 (citations and internal quotation marks omitted). "The heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." Id. (citations and internal quotation marks omitted). "When determining whether behavior can reasonably be expected to recur, courts consider various issues, such as the (a) motivation behind the conduct, (b) reasons for the change in conduct, (c) volitional nature of the conduct, (d) length of time between the change in conduct and the complaint, and (e) ownership status of the defendant in relation to the property." Langer v. G.W. Properties, L.P., No. 15-CV-02443-BAS(BLM), 2016 WL 3419299, at *4 (S.D. Cal. June 21, 2016) (citing Rosebrock v. Mathis, 745 F. 3d 963, 972 (9th Cir. 2014)).

In assessing the applicability of the "voluntary cessation" doctrine in ADA cases, "[c]ourts have held that where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification[s] undo the offending conduct." Zaldivar v. City of San Diego, 2016 WL 5118534, at *10 (S.D. Cal. Sept. 21, 2016). "When considering non-structural features, on the other hand, courts have found that 'voluntary remediation of' these violations do 'not moot an issue' because the violations 'could easily reoccur.'" Moore v. Saniefar, No. 1:14-CV-01067-SKO, 2017 WL 1179407, at *6 (E.D. Cal. Mar. 29, 2017) (quoting Zaldivar, 2016 WL 5118534, at *10). Nonetheless, "[i]n making a determination about whether the facts indicate a danger of future violations . . . , [courts] consider[ ] the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations." Watanabe v. Home Depot USA, Inc., 2003 WL 24272650, at *4 (C.D. Cal. July 14, 2003) (citation omitted).

"But just because a change made by a defendant is nonphysical/nonstructural in nature does not mean that mootness cannot be found." Whitaker v. Montes, No. 21-CV-00679-EMC, 2021 WL 5113218, at *5 (N.D. Cal. Nov. 3, 2021). In Montes, another Reservations Rule case involving a hotel website, Judge Chen found that the defendant's amendment of its website to provide additional information about accessibility effectively mooted the plaintiff's ADA claim. Id. at *6. Despite the hotel's "heavy burden" to establish mootness, it demonstrated its intent to comply with the ADA by taking prompt action to update its website after initiation of the lawsuit, and even though the website was easily changed, the hotel had little incentive to remove the accessibility information. Id. at *6 ("Simply put, the Hotel has no incentive to take its accessibility information down and has every incentive to continue to insure its compliance with the ADA if for no other reason than preventing further suit and legal liability.").

Here, having judicially noticed the current state of defendants' website, the court finds that the disclosures on the Hotel's website have been remedied. Accepting

13

1    plaintiff's charge that the current iteration of the website is different from the version upon
2    which he originally filed his complaint, defendants apparently voluntarily changed their
3    website to provide improved accessibility information.  As discussed above, these
4    changes effectively eradicated the effects of the alleged violation of the Reservations
5    Rule.  Defendants apparently made such change soon after the case was initiated, prior
6    to filing a responsive pleading.[2]  Plaintiff fails to offer any admissible evidence to the
7    contrary.  Plaintiff fails to demonstrate that defendants have a history of violating the
8    ADA, that they intended to violate the ADA here, or that they intend to violate the ADA in
9    the future.  The lack of evidence on these points indicates that future violations are not
10   reasonably likely to occur.  The defendants here, like those in Montes, have little
11   incentive to remove the accessibility information and every incentive to maintain the
12   accessibility disclosures to prevent further legal liability.  For these reasons, the court
13   finds that defendants clearly show that the alleged wrongful behavior is not reasonably
14   likely to recur.  The voluntary cessation exception to mootness is thus inapplicable to
15   plaintiff's first claim.  Defendants' changes to their website, improving accessibility
16   disclosures to comport with the Reservations Rule, effectively removes the alleged
17   barriers.  Any injunctive relief pursued by plaintiff under the ADA is moot.

####    D.    Supplemental Jurisdiction over Unruh Act Claim

Plaintiff's Unruh Act claim remains live even after cure of the alleged barriers "[b]ecause a claim for damages under the Unruh Act looks to past harm."  Arroyo v. Aldabashi, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018).  As a state law claim, though, it is only before this court pursuant to the court's supplemental jurisdiction.  See 28 U.S.C. § 1367(a).  Such jurisdiction is discretionary.  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997), supplemented, 121 F.3d 714 (9th Cir. 1997).

---

[2] Accepting plaintiff's claims as true, defendants' lack of candor in this respect is troubling.  Defendants' representations, avoiding acknowledgement of any remediation of the website while simultaneously accusing plaintiff's counsel of violating Rule 11, amount to inconsistent, disingenuous, and disappointing conduct.

14

"District courts 'may'—and often do—'decline to exercise supplemental jurisdiction' if, as here, they have 'dismissed all claims over which it has original jurisdiction.'" Johnson v. Montpelier One LLC, No. 19-CV-06214-EJD, 2020 WL 3504458, at *3 (N.D. Cal. June 28, 2020) (citing 28 U.S.C § 1367(c)(3)). As the Supreme Court and the Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (alterations omitted)).

Defendant asks the court to decline to exercise jurisdiction over the Unruh Act claim. Dkt. 14-1 at 20. As described above, the court does not have jurisdiction over the ADA claim because it is now moot. Plaintiff has not shown that this is other than the "usual case." The court has not considered the merits of the Unruh Act claim, and there is no interest in judicial economy in retaining the case. Plaintiff fails to articulate any significant inconvenience that he would face in refiling in state court. The court therefore declines to exercise supplemental jurisdiction over plaintiff's Unruh Act claim. See 28 U.S.C. § 1367(c).

## CONCLUSION

For the reasons set forth above, the court DISMISSES AS MOOT plaintiff's ADA claim and DISMISSES his state law claims without prejudice for refiling in state court.

**IT IS SO ORDERED.**

Dated: December 15, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge